IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL NEAL,

      Plaintiff,                    No. CIV S-08-0365 WBS DAD P

      vs.

UNKNOWN,                          <u>ORDER AND</u>

      Defendant.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Plaintiff, a state prisoner in Amarillo, Texas, commenced this civil rights action by filing a letter addressed to the governor of the State of California containing a series of confusing statements about his life. No other pleadings had been filed by the plaintiff, so on February 26, 2008, this court ordered plaintiff to file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure. The court also ordered plaintiff to either pay the required filing fee or file an application requesting leave to proceed in forma pauperis.

      On February 28, 2008, plaintiff filed a hand-written petition for writ of habeas corpus, together with a request for appointment counsel. It appears that in this petition plaintiff is seeking to challenge a judgment of conviction entered by a court located in San Marcos, Texas. On March 10, 2008, plaintiff filed the form complaint for a civil rights action, claiming "failure of effective counsel on multiple occaisions [sic] with indesputable [sic] evidence." Plaintiff

1

1  requests "extradition too [sic] Eastern District of California United States District Court,
2  assistance with effective counsel and financial aid." Plaintiff has also submitted to this court a
3  series of confusing letters addressed to "Senator Clint Eastwood" regarding plaintiff's criminal
4  proceedings.

5  Plaintiff is advised that a civil rights action is the proper mechanism for a prisoner
6  seeking to challenge the conditions of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th
7  Cir. 1991). In contrast, habeas corpus proceedings are the proper mechanism for a prisoner
8  seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475,
9  484 (1973). Here, it appears that plaintiff is seeking to overturn his state court conviction. A
10 petition for writ of habeas corpus filed in the appropriate court is his sole vehicle for seeking
11 such relief. Accordingly, this civil rights action should be dismissed without prejudice to
12 plaintiff filing a habeas corpus action.[1]

13 Accordingly, IT IS HEREBY ORDERED that:

14 1. Plaintiff's February 28, 2008 request for appointment of counsel is denied;

15 2. Plaintiff's March 10, 2008 application to proceed in forma pauperis is denied;
16 and

17 IT IS HEREBY RECOMMENDED that this action be dismissed without
18 prejudice to plaintiff filing a habeas corpus action.

19 These findings and recommendations are submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

---

[1] Plaintiff is informed that the general rule with regard to habeas applications is that both the United States District Court in the district where prisoner was convicted and the District Court where the prisoner is incarcerated have jurisdiction over the claims. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). In the instant case, because plaintiff was not convicted in this district and is not presently confined here, he should not file a habeas application in this court. If plaintiff wishes to challenge a judgment of conviction entered in state court, he should file a habeas application in the United States District Court for the Western District of Texas assuming he has exhausted his federal claims by presenting them to the highest court of that state.

days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 22, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
neal0365.56